(Decided 4th March, 1870.)

---

WILLIAM K. PERCY and JAMES H. PERCY, Executors of JAMES PERCY, *vs.* REBECCA CLARY.

*Contribution — Tort-feasors — Set-off — Evidence — Judgment.*

An action was brought against the executors of P, to recover certain rents which he had received from the United States Government, for the occupation of property owned by the plaintiff. Among other defences to the claim, set-off was relied on; and to support it, the defendants offered in evidence the record of a judgment recovered against their testator and the plaintiff as co-defendants in an action of trespass *quare clausum fregit*, and which was paid in full by the former; and also offered to prove that their testator paid the fees of the counsel employed by him to defend said action and that the amount was reasonable. HELD:

1st. That the record of the judgment, offered in evidence, was wholly incompetent, to establish any claim against the plaintiff for the money paid in discharge of the judgment; it being against *tort-feasors*, its payment by one of them, did not entitle him to contribution or indemnity from his co-defendant.

2d. That the evidence offered of the payment of counsel's fees, was admissible, and the defendants were entitled to claim as a set-off, one-half of the amount so paid, if the same were reasonable, with a proper allowance of interest.

So long as a judgment stands unreversed, it cannot be collaterally questioned or impeached.

APPEAL from the Circuit Court for Allegany County.

The facts of the case are sufficiently stated in the opinion of the Court. The verdict and judgment were for the plaintiff, and the defendants appealed.

The cause was argued before STEWART, BRENT, GRASON, MILLER and ALVEY, J.

*George A. Thruston* and *George A. Pearre*, for the appellants.

The Court below rejected the record of the judgment in the action of trespass *quare clausum fregit*, which was offered in evidence, upon the ground that there could be no contribution between wrong-doers, assuming the co-defendant, Jas. Percy, to have been a wrong-doer knowingly and not to come within any of the many exceptions to this rule.

This rule does not apply to cases where the party seeking redress is not presumed to have known he was doing an unlawful act. This liability never will exist, unless *it appears* they have been jointly concerned in doing what the party complaining knew to be illegal. *Betts vs. Gibbin,* 2 *Adol. & Ellis,* 57; *Adamson vs. Jarvis,* 4 *Bingham,* 66; 1 *Parsons on Contracts,* 37; 2 *Greenleaf's Evidence,* sec. 115; *Merryweather vs. Nixon,* 8 *Term Rep.,* 186; 2 *Hilliard on Torts,* sec. 26, *p.* 483, *quoting Drummund vs. Humphreys,* 39 *Maine,* 347.

This testimony tended to show that James Percy did not know that he had done an illegal act, even if he had been present when the entry was made upon Clise, and participated

Percy, *et al.*, Executors, *vs.* Clary.

therein, but that he supposed, or had a right to suppose, such entry to be legal. The appellee, by her separate pleading in that case, denied the lease, as well as claimed the freehold and a right to enter thereon.

This was an affirmation or confession on the record that she claimed the *right* to enter. It is a legitimate inference, which a jury could fairly make, that she had affirmed the same thing to Percy at the time of the entry; that she solemnly admitted for herself on the record, and that he acted with her under that belief and at her request.

Again, the record, if admitted, would have shown that the appellee, in that suit, by the first prayer submitted by her to the Court, as an instruction to the jury, admitted and affirmed that she had, under the lease made by her to Clise, the plaintiff in that case, a right to re-enter upon him, because of the non-payment of rent as stipulated in the lease, and that she had re-entered for that cause, as she lawfully might.

It does not matter whether she was right or wrong in her supposition as to her right to re-enter on Clise for condition broken. It was her business to ascertain that fact, and if she induced Percy to act with her, affirming that she had such right, he comes within the cases cited in 2 *Adol. & Ellis*, 57, and 4 *Bingham*, 66.

Nor can the proof thus offered be excluded upon the ground that Percy is estopped by the verdict and judgment in the trespass case, from showing in *this case* that he was not a *tortfeasor*.

The verdict and judgment is conclusive as between him and the plaintiff in that suit, but, as between Percy and his co-defendant, it is not conclusive and does not estop.

They both denied the trespass by their pleadings. They would be estopped in another suit to deny what they alleged in the first.

Another portion of the rejected testimony was offered to prove the payment of $200 attorney's fees for Percy and Mrs. Clary, in defending the trespass suit.

This surely, at least to the extent of one-half, was money paid for her use, and, as the record shows that she accepted the services of the attorneys who acted and pleaded for her, the jury could find it was paid at her request.

If any part of the testimony were admissible, the whole ought not to have been rejected. *Budd vs. Brooke, et al.*, 3 *Gill,* 198; *Hatton vs. McClish,* 6 *Md.,* 407; *Berry vs. Matthews & Chapman,* 13 *Md.,* 537; *Morrison vs. Whiteside,* 17 *Md.,* 452.

The doctrine of indemnity, as that of contribution, is not founded on contract, but upon an implied equity, resting upon natural justice and sound morality. *Craig and Angle vs. Ankeney,* 4 *Gill,* 225; *Smith's Ex's. vs. Anderson, et al.,* 18 *Md.,* 520.

*J. H. Gordon,* for the appellee.

From the record of the judgment offered in evidence, it appeared that a joint verdict was found and a joint judgment rendered against Mrs. Clary and James Percy for $800.

This judgment was offered for the purpose of getting it allowed as a set-off against Mrs. Clary for the whole $800, and $200 paid by Percy for attorneys' fees in that case.

The offer was too broad upon any theory of the case. The judgment was joint, and, therefore, the most that Percy could claim was contribution to the extent of one-half, and the offer was, for that reason, properly rejected. *Owens vs. Collinson,* 3 *G. & J.,* 25.

But the evidence was not admissible to prove a set-off at all, because Mrs. Clary and Percy were two persons, and the judgment was recovered against them as two persons, and therefore Percy was not entitled to contribution to any extent. *Merryweather vs. Nixon,* 8 *Term Rep.,* 186; 2 *Tidd's Prac.,* 896; 1 *Hilliard on Torts,* 177; 1 *Par. on Con.,* 37, *and note.*

There is no evidence to show that Percy paid the attorneys' fees by the request of Mrs. Clary, and, therefore, if he did pay, he was a volunteer, and cannot recover.

BRENT, J., delivered the opinion of the Court.

This action was brought to recover from the appellants, executors of James Percy, certain rents which he had received in his lifetime from the United States Government, for the occupation of the property of Rebecca Clary, the appellee, as a temporary hospital. Among other defences, that of set-off was relied upon. To support it, the appellants offered in evidence the record of a judgment against Rebecca Clary and James Percy, which it was conceded had been fully paid by Percy. This judgment had been recovered against them as co-defendants, by a certain George Clise, for a trespass "in forcibly expelling and removing him from his dwelling house and close." The offer was made with a proffer to follow it up by proof, that Rebecca Clary had rented the property to Clise, who was in possession of it on the 4th of March, 1862, claiming to be entitled to hold it for a year longer; that she went to his house on that day and told his family they must move out immediately, as she had rented the property to the United States for a hospital; that she remained there in the house until the United States troops came and put out the family and furniture of Clise on the same day; that James Percy was not present and that the only proof against him was that he aided her in endeavoring to get the rents of the property, from that time, settled and paid over, and that on such evidence the verdict was rendered against both. They also offered to prove that the counsel employed by Percy, for Mrs. Clary and himself in that suit, and who defended the same, were paid each $100, and that the same was reasonable; that he also employed the attorney and agent who collected the rents from the United States, and that Mrs. Clary furnished the attorney so employed with the necessary vouchers to receive the same, and that he, Percy, never received or charged anything for his services in the matter. Upon objection being made, the Court below refused to allow the evidence to be given, and in this refusal the appellants allege there is error.

The record of the judgment offered shows that it was rendered against these parties as *tort-feasors*, and having been fully paid by one of them, can the amount thus paid, or any part of it, constitute a sufficient cause of action against the other? The general rule of law is well established, that among wrong doers, there is no contribution or indemnity, *Merryweather vs. Nixon*, 8 *T. R.*, 186; 2 *Grenl. Ev.*, *sec.* 115; 1 *Par. on Con.*, 37, and it is very clear that the judgment offered was not admissible unless it comes within some exception to the rule. The authorities cited and relied upon in the argument for the appellants, are cases in which the wrong committed was not in itself illegal, and where the right to recover rested upon the express or implied *assumpsit* of the defendant to indemnify a party acting by his authority. *Adamson vs. Jarvis*, 4 *Bing.*, 66; *Betts vs. Gibbin*, 2 *Adol. & El.*, 57. Adopting these cases, the doctrine to be deduced from them is: first, that the wrong must not be *malum in se;* and second, that the party claiming contribution must have acted without any design to violate the law, and as the agent or by the authority of him from whom he seeks to recover. In 2 *Grenl. Ev.*, *sec.* 115, it is said, "the exception is that a party may, with respect to innocent acts, give an indemnity to another, which shall be effective; though the act, when it came to be questioned afterwards, would not be sustainable in a Court of Law, against a third person who complained of it. If one person induce another to do an act which cannot be supported, but which he may do without any breach of good faith or desire to break the law, an action on the indemnity, either express or implied, will be supported."

Would the evidence offered and rejected in the Court below have brought the present case within the reason and meaning of this exception? The wrong complained of, and for which damages were given by the jury, was the forcible ejection of a person and his family from their dwelling house. This surely is not in itself an innocent act, nor can the parties, who committed it, be supposed to have been ignorant that they were

acting in open violation of law. The wrong was one of violence and force, no less so than if it had been an assault and battery of the person. It was committed in disregard of the peaceable and quiet possession and enjoyment of property, which is guaranteed by the law to every one, and is clearly of those wrongs for which the law holds each wrong-doer fully responsible, refusing its aid to enforce any contribution among those engaged in its perpetration. The evidence, with which it was proposed to follow up this judgment, gives no additional strength to the offer. Its whole tendency is to show that Percy had no connection or part with the appellee in the wrong, which the verdict of a jury has determined and settled, they had jointly committed. It excludes any idea that he had acted in the matter by her authority and any presumption of an assumpsit on her part to indemnify him. But it was earnestly argued, that the appellants had a right in this action to go behind the verdict and judgment, and inquire into the testimony given upon the trial, to show that Percy had not committed the wrong complained of. To this position we cannot assent. The verdict and judgment are conclusive of the questions which were involved. If there was error, the defendants should have corrected it, either by applying for a new trial or exercising their right of appeal. So long as the judgment stands unreversed, it cannot be collaterly questioned or impeached. Nor can the share of each one of the co-defendents in the wrong done be measured and parcelled out, so that contribution may be claimed among them, upon the ground that one wrong-doer is less guilty than the other.

We see nothing to except this case from the operation of the general rule as to contribution and indemnity among wrong-doers, and think the evidence offered was wholly incompetent to establish any claim against the appellee for the money paid by Percy upon the judgment in question.

There is, however, a part of the evidence offered which ought not to have been rejected. It has been settled by

repeated decisions of this Court that if any part of the evidence offered is competent and admissible, it is error to reject the whole. The appellants should have been permitted to give proof of the payment by Percy to the attorneys who defended the suit brought against the appellee and himself, and to have claimed, as a set-off, one-half of the amount, so paid, if the same was reasonable, with a proper allowance of interest. Their services are shown by the offer to have been rendered equally in her behalf as in that of Percy. They were the only counsel who appeared and acted for her, and, from the importance of the case, the time it was pending, and the interest which she had and must have felt in its result, it is to be presumed they did so with her knowledge and assent. Having accepted and received the benefit of their services, she will be held as affirming and recognizing the agency and authority of Percy to employ them for her. It does not distinctly appear from the record whether there was any offer to prove a payment by Percy to the attorney employed by him to collect the rents due the appellee from the United States Government. If there was, this evidence should also have been admitted, as she distinctly recognized his employment by furnishing him with the necessary receipts to enable him to collect the very money for which she is now prosecuting this suit, and the amount so paid allowed to be set-off under the pleadings.

The judgment below will be reversed, and a new trial ordered, that the appellants may have the benefit of such of the evidence rejected by the Court below, as we have stated in this opinion should have been admitted.

*Judgment reversed and*
*new trial awarded.*

(Decided 4th March, 1870.)