# PETER LEPPERT *vs.* WILLIAM F. FLAGGS AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

*Building Contract—Stipulation to be Responsible for Damage to Adjoining House—Evidence—Joint Tortfeasors—Liability of Surety on Builder's Contract.*

A contract for the erection of a house for the plaintiff provided that the builder "will be personally responsible to the owner of the property adjoining, on the west of said building to be erected, for any damage or injury done to said building by the erection of the building herein contracted to be erected." One of the defendants executed a bond to indemnify plaintiff from loss resulting from the breach of any of the terms of the contract by the builder. In the construction of plaintiff's house the builder, while excavating upon his lot, injured the wall of the house adjoining on the west in such a manner that the plaintiff was liable for such damages and paid the same. *Held*, that the stipulation in the contract is not to be regarded as a promise to plaintiff for the benefit of the owner of the adjoining house, enforceable only by the latter, but that the builder and his surety are liable directly to the plaintiff for the injury to the adjoining house for which the plaintiff was liable and which he had paid.

*Held*, further, that in an action against the surety and the builder, the record of a suit against the plaintiff by the owner of the adjoining house, to recover damages for the injury so caused, is admissible as *prima facie* evidence of the fact of injury by the builder to the adjoining house and the amount of the damage thereby occasioned.

Defendant agreed to erect a house on plaintiff's lot and stipulated that he would be responsible to the owner of the adjoining house for any injury done in the course of the work. Such injury was done and plaintiff was compelled to pay damages therefor in a suit against him and the builder. In an action to recover the same from defendant and his surety, the plaintiff and the builder are not to be considered as joint tortfeasors in causing the said injury, the liability for that having resulted from the failure of the builder to exercise due care.

In an action on a bond conditioned for the due performance of a building contract, the surety pleaded that the contract was, during the performance, materially changed without his knowledge and consent. *Held*, that this plea is bad on demurrer, because it does not aver in what respect the contract was changed, so as to enable the Court to determine whether the change was material or not the question whether an alteration is material or not being one of law for the Court.

The declaration in an action against a builder and a surety alleged several particulars in which the builder had failed to perform the contract. Two witnesses testified that the cost of completing the building so as to make it comply with the specifications would not exceed the amount still due to the builder on the contract price. *Held*, that since this is a matter to be found by the jury and since there was evidence that some of the materials used were not those required by the specifications, and the contract provided for liquidated damages for failure to complete the house at the designated time, it was error to instruct the jury that the plaintiff was not entitled to recover.

Appeal from the Court of Common Pleas (STOCKBRIDGE, J.)

.The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*L. P. Hennighauser* and *Charles F. Stein*, for the appellant.

*J. Kemp Bartlett* and *Wm. G. Towers* (with whom were *Isidor Rayner*, *Wm. T. Larkin* and *Forest Bramble* on the brief ), for the appellees.

PAGE, J., delivered the opinion of the Court.

Peter Leppert entered into a contract with William F. Flaggs for the erection of a brick dwelling and store in Baltimore City according to plans and specifications thereto annexed. Subsequently the said Flaggs with the United States Fidelity and Guaranty Company as surety entered into a bond to indemnify the said Leppert from all pecuniary loss resulting from breach of any of the terms, covenants and conditions of the said contract on the part of the said Flaggs, to be performed, &c.

On May 20th, Flaggs began work under the said contract. The *narr.* sets out the breaches of the agreement; that Flaggs did not 1st, erect the said building in a substantial and workmanlike manner; 2nd, that he did not complete the store room within the forty days specified in the contract, nor pay the penalty therein required; 3rd, that he did not complete the said building in seventy-five days, nor pay the penalty in the contract specified; and 4th, did not indemnify and save harm-

less the plaintiff from injury done to the adjoining building.
The fourth count was stricken out, but subsequently was re-
newed, as follows: (4) that in said contract the said Flaggs cove-
nanted and agreed with the plaintiff "that he the said Flaggs
would be personally responsible to the owner, or owners of
the property adjoining on the west of said building, to be
erected, for any damages or injury done to said building, by
the erection of the building for the said Leppert, for which
damages or injury the said Leppert would be liable; but that
in erecting said building for the said Leppert the said Flaggs
damaged and injured the said building on the west in a large
amount to wit, in the sum of $1,200 for which damage and
injury the said defendants have not paid nor indemnified the
plaintiff for or on account thereof." To this fourth count the
defendants demurred, and the Court sustained the demurrer.
The first question to be now considered, is upon the correct-
ness of this ruling. The building contract contains the fol-
ing provision—"that he (Flaggs) will be personally responsible
to the owner or owners of the property adjoining on the west
of said building to be erected, for any damage or injury done
to said building by the erection of the building herein con-
tracted to be erected." It is contended that the only effect of
this provision is to confer upon the owner of the adjoining
building, a right of action for damages done to his building;
and therefore any such damage would not be such as the de-
fendants are liable for, in this action under the bond of indem-
nity. Or, stated in other words, it is contended that the cov-
enant being a simple contract, not under seal, must be re-
garded only as a promise to Leppert for the benefit of the
owner of the adjoining house, and cannot be enforced by any
other than he for whose benefit the promise was made, and
not by Leppert. But to this construction we cannot agree.
The intention of the parties seems to be, that Flaggs should
not only perform the work required in building the house, but
he should do the work in such a manner as would not entail
upon the owner a liability for anything that might occur in the
progress of the erection. Flaggs was not authorized by any

provision of the contract to trespass upon the property adjoining on the west. But if in the erection of the west wall, it became necessary to under-pin or carry down the party wall on the west side of the property, the adjoining building was damaged, Flaggs agreed to be responsible to the owner for all damages occasioned thereby. Leppert would have a direct interest in such a promise, because if in excavating near to the west wall on his own property, the wall of the adjoining house were injured, there are many circumstances possible, under which Leppert would be liable to make good the injuries so caused. In *Bonaparte* v. *Wiseman,* 89 Md. 4, this Court in substance said, that the law does not permit the owner of a lot of ground in a populous city to make excavation, even through an independent contractor, upon his lot in near proximity to his neighbors house and to a depth of some feet below the level of the foundations of that house, and not to be under obligations to see that the contractor is doing the work with proper care. This provision in Flaggs contract was intended to protect Leppert from such injury to the neighbors property, as he would be liable for, on account of the acts of the contractor done while engaged in the construction of his own house. That protection the contractor agreed to furnish, by becoming responsible, to the owner of the adjoining building; that is by responding to a just claim of damages, by discharging the same. Of course, if this be a fair and proper construction of the provision of the contract, when in this case, it is alleged in the *narr.* that there had been such damages for which Leppert was liable and had paid, a case had been set out, within the terms of bond sued on. It follows from these views that the demurrer to the "Additional Count" should have been overruled.

The defendants filed many pleas to the declaration. The ninth plea of the Fidelity and Guaranty Company was, that the contract mentioned in the plaintiff's declaration, was, during the performance thereof, materially changed and modified without the knowledge and consent of this defendant. The plaintiff's demurrer to this plea was overruled. The plea

does not allege by whom the contract was changed. It may be supposed that it was intended to charge, that the change was made by Leppert and Flaggs; but this cannot be assumed as a matter of fact; averments in pleading, cannot be so made. Passing this by however, without deciding whether such a vice can be taken advantage of, upon general demurrer, it is clear, the plea is open to another objection. It is alleged that the contract was "*materially* changed." It is not averred in what respect it was so changed, and no fact is set out, from which the Court can judicially determine, that the change was in law a material alteration.

In *Wood* v. *Steele*, 6 Wallace, 82, the Supreme Court said, "it is now settled in both English and American jurisprudence, that a material alteration in any commercial paper without the consent of the party sought to be charged, extinguishes his liability. The materiality of the alteration is to be decided by the Court. The question of fact is for the jury." See 1 *Cyc.*, 257, where many other cases are cited. This plea, inasmuch as it sets up as a matter of defense, only matters of law, is bad, under our statute as well as under a well-established rule of pleading. 1 *Poe Pl.*, sec. 548. The demurrer should have been sustained.

There were eight exceptions to the admissibility of evidence.

The appellant offered evidence, tending to show the failure of the contractor Flaggs to complete the building according to the plans and specifications, and also testimony respecting the wall on the west side of the lot. This is a party wall and is called in the testimony "The Thomas Wall." For the purpose of showing the injury and the amount of damage to the party wall by the contractor, committed by him while performing his obligation under his contract with the appellant, the latter offered in evidence the record of a suit by the owners of the adjoining house against the appellant and Flaggs, in which the damages sought, were those committed by Flaggs, in digging down the cellar of the appellant, below the foundation of the adjoining premises, &c., in consequence of which the wall settled and cracked. The record of that case showed

that the plaintiff recovered against the appellant and Flaggs $970, which the former was afterwards compelled to pay. The Court refused to allow the record of this proceeding to go to the jury. When the offer was first made, the Court ruled against its admissibility, because the fourth count of the declaration had been dismissed. The appellant then by leave of the Court, filed the "additional count" already referred to. This was ruled out on demurrer. So that when this testimony was ruled upon, there was no pleading under which it could have been admitted. We have already considered that count, and held that it should have been sustained, and were that count in the case, there is no reason why the proffered testimony should not have been received. It is objected, by the appellees, that it was not admissible, because the judgment against Leppert and Flaggs, was upon a suit against them as tortfeasors; and therefore, each is liable *in solido* for the amount of the judgment and being tortfeasors, there can be no contribution between them, except there are certain conditions of fact, which do not exist in the case at bar. *Percy* v. *Clary*, 32 Md. 245. But, we do not think the appellant and Flaggs can be regarded as tortfeasors. The damage was committed while the latter was engaged on the lot of the former. There is nothing in the contract, that required him to enter upon the adjoining lot, nor does the record in the Thomas case nor in this, show that he did so. The record of the Thomas suit shows, that the recovery was for injuries to the party wall, while excavating on the appellant's lot; and if so the injuries were not immediate but consequential. In excavating the appellant's lot the contractor was doing nothing he had not a right to do, and the only ground of liability was, that he may not have exercised due care to prevent the injury to the property of the adjacent owner. *Shafer* v. *Wilson*, 44 Md. 280.

It was not argued at the hearing nor on the brief of the appellee's counsel, that if the attitude of the defendants in this case be that of a surety for the performance of obligations under his building contract, the record of the Thomas judg-

ment could not be used as *prima facie* proof against the principal, the contractor, of the breach of his contract and the amount of the damage. *Jenkins* v. *State*, 76 Md. 260; *Parr & Cockey* v. *State*, 71 Md. 220; *Roberts* v. *Woven Wire Mat. Co.*, 46 Md. 374.

What we have said in reference to the 1st exception will also apply to the 4th, 5th, 6th, 7th and 8th exceptions.

The 3rd exception does not disclose error: There was nothing in the declaration, that sets up injury to the business as a ground for special damages.

At the close of the appellant's testimony the Court granted an instruction, that "under the pleadings in the case there had been no evidence offered legally sufficient to entitle the plaintiff to recover."

The appellee contends this instruction was proper, because there had been no evidence, other than to show that the cost of completing the building so as to comply with the specifications would not exceed the amount still due on the contract price. This contention was based upon the evidence of two witnesses, one of whom testified that the one had made a bid to do the work and correct all defects for the sum of $1,187 and the other for $1,201; and that the proof showed that if either of these bids be taken all the other damages (not including the damages to the adjoining house), the whole sum would amount to less than $1,400, the amount admitted to be still due on the contract price. But these were facts to be found by the jury and it was not within the province of the Court to decide upon them. There was much evidence tending to show in what respects the building was incompleted and those were facts which might have been considered by the jury, in determining whether the opinions of the two witnesses or either one of them, were such as they could adopt. There was also evidence, tending to show that the character of the material used and of the work, did not come up to the requirements of the spcifications. In addition to this, all the evidence touching the damage to the wall of the adjoining house, all relating to the time of completion of the house, for which liquidated

damages were provided for in the contract, was ignored. All these several matters were involved in the issues raised by the pleadings, and should have been submitted to the jury.

The granting of this prayer was erroneous. The judgment must be reversed.

> *Judgment reversed, the appellee to pay costs in this Court and the Court below, and a new trial awarded.*