[No. 4340.]

## MEANS ET AL v. STOW ET AL

1. APPELLATE PRACTICE—MOTION TO DISMISS APPEAL.

Where a motion is filed by appellee to dismiss an appeal and notice thereof is served on appellant's counsel, it is his duty to appear and resist such motion, and if he fails to do so the court may assume that the motion is confessed.

2. SAME—JUDGE OF ONE DISTRICT ACTING FOR ANOTHER.

Where the record shows that an order of appeal in a water rights adjudication was presented to and allowed by the judge of another judicial district, while sitting as and for the judge of the district from which the appeal was taken, at his chambers, it will be conclusively presumed that the judge so acting did so at the request of the regular judge and was duly authorized to act, unless the regular judge disavow such act.

3. SAME—JUDICIAL NOTICE.

Where the judge of one judicial district acts as and for the judge of another, the supreme court will take judicial notice of the fact that the acting judge is the district judge of his own district.

*Appeal from the District Court of Saguache County.*

*On Motion to Dismiss Appeal.*

Mr. JOHN W. DAVIDSON, for appellants.

Mr. IRA J. BLOOMFIELD, for appellees.

*Per Curiam.*—Appellees move to strike out the statement and order of appeal, and also to dismiss, for the reason that no statement or order allowing an appeal has been obtained as by law required. It appears that this is an appeal from a part of a decree, adjudicating water rights, and that appellants presented their statement and obtained the order of appeal from the Honorable Jesse G. Northcutt, who is judge of the third judicial district, when the proceedings complained of were had in the twelfth judicial district, of which the Honorable Charles C. Holbrooke is the sole presiding judge. Counsel for appellant have been duly served with a notice of this motion, but have failed to file any brief opposing it, or any answer to that filed by counsel for appellees, and thus assist the court in a determination of the question presented by the motion to strike and dismiss. We deem it proper here to say, that unless counsel resist motions of this character it will be fair to assume that they consider them well taken, and that the court should not be compelled, as in this instance, to examine the bill of exceptions for the purpose of ascertaining the material facts. Counsel upon whom such a motion is served owe their clients and the court the duty of pointing out the

pertinent facts and the law which, in their judgment, should defeat the motion. If they neglect to do so, we might properly assume that the motion is confessed. We find, however, after looking at the bill of exceptions, and an examination of the statute which we deem applicable, that the motion is not well taken. The order allowing the appeal recites, in effect, that it was presented to the Honorable Jesse G. Northcutt, sitting as and for the judge of the twelfth judicial district, at his chambers in the Town of Alamosa, which is situated in this district. We take judicial notice of the fact that at the time of such presentation he was the district judge of the third judicial district.

3 Mills Ann. Stat. § 1038, provides that whenever any district judge for reasons mentioned requests the judge of another district to transact judicial business, the judge so requested may do so, and that no formal request in writing shall be necessary to authorize one judge so to act for another, and that when a judge assumes to act for another, his authority shall be conclusively presumed until disavowed by the regular judge of the district. We must, therefore, conclusively assume, in the light of the recitations, in the order of the judge allowing the appeal in this case, and the absence of any disavowal by the regular judge, that he was duly authorized to act.

*Motion Denied.*