[Civil No. 2010.   Filed January 20, 1922.]

[203 Pac. 562.]

## JOHN W. MOULTON, Appellant, v. CLARA SMITH, Administratrix of the Estate of AL. C. SMITH, Deceased, Appellee.

1. APPEAL AND ERROR — IN STATUTE FIXING TIME FOR APPEAL THE TERM "RENDERING JUDGMENT" MEANS ACT OF ANNOUNCING FINAL DETERMINATION.—Under Civil Code of 1913, paragraph 1233, providing that appeal may be taken from a final judgment of the superior court in a civil action within "six months after rendition of such judgment," the term "rendering judgment" means the court's announcement of its final determination of the rights of the parties, and not formal written judgment signed by the judge and filed.

2. APPEAL AND ERROR—THAT THE JUDGE OMITTED INTEREST AND COSTS DOES NOT PREVENT DATE OF HIS PRONOUNCEMENT BEING THE DATE OF COMPUTING TIME TO APPEAL.—The fact that costs were not mentioned in the judge's oral pronouncement of judgment between the parties, which matter is taken care of by other provisions of statute, that the amount of interest is not named which is a mere matter of calculation, the suit being on a promissory note, does not prevent such pronouncement from being a "judgment," in view of Civil Code of 1913, paragraph 1233, giving six months after rendition in which to appeal.

3. APPEAL AND ERROR — JUDGMENT IN ACTION ON PROMISSORY NOTE HELD NOT LACKING IN FINALITY.—In an action on a promissory note a judgment, announced orally by the court, reciting that the court had the case under advisement and was fully advised in the premises and finding for the plaintiff and ordering that judgment be entered for the plaintiff and against the defendant for the sum prayed for with interest, and a specified sum as attorney's fees, *held* not lacking in finality and to be the judgment rendered, from which, time within which to appeal must be calculated, in view of Civil Code of 1913, paragraph 1233.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Appeal dismissed.

Messrs. Timmons & Westover, for Appellant.

Mr. C. A. Lindeman, for Appellee.

McALISTER, J.—Appellee moves a dismissal of the appeal upon the ground that it appears from the record that no notice of appeal or bond on appeal was given within six months after the rendition of judgment.

Under date of November 10, 1920, the following entry appears in the minutes of the superior court:

"The court having had this case under advisement and being now fully advised in the premises, finds in favor of the plaintiff, and it is ordered that judgment be entered in favor of the plaintiff and against the defendant for the sum of $400, with interest as prayed for in the plaintiff's complaint and for the

further sum of $75 as attorney's fees, which judgment, when signed by the court, shall be recorded in the judgment-book.''

On November 17, 1920, a formal written judgment, concluding with the statement ''done in open court this tenth day of November, 1920,'' and signed by the judge, was filed in the office of the clerk. Notice of appeal and the bond on appeal were filed May 16, 1921.

Under paragraph 1233, Revised Statutes (Civ. Code) of 1913, ''an appeal may be taken from a final judgment of the superior court in a civil action, . . . at any time within six months after the rendition of such judgment.'' If the judgment was rendered on May 10, 1920, when the court made oral announcement of its decision, the appeal was too late, but if on May 17, when the formal written judgment signed by the judge was filed, it was in time. By the term ''rendering judgment'' is meant the act of the court in announcing its final determination of the rights of the parties to the action. *State* v. *Henderson,* 164 Mo. 347, 86 Am. St. Rep. 618, 64 S. W. 138; *Schurtz* v. *Romer et al.,* 81 Cal. 244, 22 Pac. 657; *Estate of Cook,* 77 Cal. 220, 11 Am. St. Rep. 267, 1 L. R. A. 567, 19 Pac. 431; *Davis* v. *Shaver,* Phil. L. (S. C.) 18, 91 Am. Dec. 92.

''The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict.'' 1 Black on Judgments, 2d ed., p. 149. ''The act, after the trial and final submission of a case, of pronouncing judgment in language which finally determines the rights of the parties to the action and leaves nothing more to be done, except the entry of the judgment by the clerk, constitutes the rendition of a judgment.'' 18 Ency. Pl. & Pr. 429. ''It has been held by this court that there is a material difference between the rendition and the

entry of a judgment. A judgment is rendered when it is announced by the court. It is entered when it is actually entered in the judgment-book. . . .

"This appeal was taken within 60 days after the entry of the judgment, but not within 60 days after its rendition. For that reason we are precluded, by the express language of the statute, from considering the question whether the decision is supported by the evidence." *Schurtz* v. *Romer, supra.*

The announcement of its decision completes the court's duty in this particular, for the rights of the parties are thereby determined. It then devolves upon the clerk to enter the judgment, but in so doing he is guided as to its terms solely by what the court has said in announcing it. This statement gives, or should give, him full information for this purpose, and he is not empowered or permitted to insert in the judgment anything which would change it in any material respect. A judgment signed by the judge, and containing terms different from those announced, would not authorize him to enter its modifications, for "there is no statutory provision for the signing of a judgment by the judge, either before or after entry; and his signature gives it no additional solemnity or validity. *Clink* v. *Thurston,* 47 Cal. 29. Where that practice is adopted it is merely to give the clerk surer means of correctly entering what has been adjudged." *In re Cook Estate, supra.* For this reason the practice of filing written judgments, signed by the judge, is commendable, as remarked by the court in *Kinsley* v. *New Vulture Mining Co.,* 11 Ariz. 66, 90 Pac. 438, 110 Pac. 1135, but it can properly go no further than to give perhaps in a more detailed way what the judgment already contains.

Viewed in the light of the authorities there can be no question but that the judgment was rendered on November 10th, when the court announced its decision and ordered judgment, for "when, after the trial

and final submission of the case, the court pronounces a judgment in apt language, which finally determines the rights of the parties to the action, and leaves nothing more to be done except the ministerial act of the clerk in entering it, and especially when what the court has pronounced has been entered in the minutes, then the judgment has been rendered, and the rights of the parties established." *In re Cook Estate,* above.

It is suggested, however, that the judgment was not final because no costs were allowed, and the interest was not provided for with sufficient definiteness. The fact that costs were not mentioned cannot affect the situation, for that is a matter taken care of by other provisions of the statute; neither can the fact that the exact amount of interest is not named, for this is a mere matter of calculation, since the suit is one on a promissory note. If it had been omitted altogether, the defect could not have been supplied merely by incorporating it in a written judgment, but only by entering properly another order. Neither is a lack of finality indicated by the clause in the entry itself that the "judgment when signed by the court shall be recorded in the judgment-book"; nor does this imply or authorize a change in its terms when reduced to writing. The impression conveyed by it is that the judgment is to be signed only in order that it may be recorded in the judgment-book, an excellent practice, but in no sense necessary to its rendition or entry. But a final and definite conclusion is unmistakably shown by the language of the order reciting that—

· "The court, having had this case under advisement, and being now fully advised in the premises, finds in favor of the plaintiff, and it is ordered that judgment be entered in favor of the plaintiff and against the defendant for the sum of $400, with interest as

prayed for in the plaintiff's complaint, and for the further sum of $75 as attorney's fees."

The practice in the superior courts of the state has not been uniform on this very important question, and, in order that there might be no longer any doubt concerning it, we have, contrary to the usual course in passing on preliminary motions set forth the reason for our action. It might not be amiss to mention the very practical and suitable method adopted some years ago by the superior court of Cochise county to meet this question. When the court is ready to render its decision and the written judgment has not been prepared, it orders entered in the minutes what it calls "Form No. 1" which is as follows:

"—— ordered that upon the presentation of a formal, written judgment by the —— and its approval and signing by the court, judgment will be rendered in favor of the —— and against the ——."

When the written judgment is presented and approved, a second entry in the following words, which it calls "Form No. 2," is made:

"A formal, written judgment in this action having this day been presented to and approved by the court, in accordance with the order heretofore made, it is ordered that judgment be rendered in favor of the —— and against the ——. [Here follow the recitals of the judgment.]"

This plan is based upon a correct view of the law, and avoids the serious consequences of proceeding upon the erroneous theory that the judgment is not rendered until it is signed and filed. Form No. 1 merely states what the judgment will be, and is for the purpose of enabling counsel to prepare the formal judgment so that it may be filed simultaneously with the rendering of the judgment, and obviously is unnecessary where the formal written judgment is prepared and ready for signing when the court an-

nounces its conclusions.    This plan gives the clerk the fullest information at the proper time for entering the judgment.

The notice of appeal was given 'more than six months after the rendition of final judgment; hence the motion to dismiss the appeal must be granted. It is so ordered.

ROSS, C. J., and FLANIGAN, J., concur.