[Civil No. 2546. Filed May 9, 1927.]

[255 Pac. 995.]

HERMAN DeMUND, Appellant, v. RUTH M. BENSON and J. ALEXANDER BENSON, Appellees.

Messrs. Anderson & Gale and Mr. Henry H. Miller, for Appellant.

Mr. I. J. Lipsohn, for Appellees.

ROSS, C. J.—We have come to the conclusion that, on account of the condition of the record, we ought to reconsider an order heretofore made denying the appellees' motion to dismiss this appeal, said motion being made upon the ground that no judgment has been entered or rendered in the trial court.

Looking into the pleadings and the issues at the trial, the verdict of the jury, and the court's order concerning the judgment, we are satisfied that the motion to dismiss the appeal upon the grounds stated should have been granted.

It appears from the record that on or about December 5th, 1924, appellant sold to appellees lot One (1), in Fairview, an addition to Phoenix, for $1,000, taking their note for $100 as first payment, and their contract to pay balance at the rate of $15 per month. Appellant executed a deed of lot to appellees, and appellees executed a deed back to appellant, and these two deeds and the agreement of the terms of sale were placed in escrow. When the note evidencing the first payment became due, appellees were not able to pay it, and it was agreed such note should be canceled and in lieu thereof a note in the sum of $280 should be made, $100 thereof to apply as down payment on lot and the balance to apply, at the rate of $15 per month, to cover a period of one year. At the time renewal note was made, appellees signed a note for the balance of $720, and also ex-

ecuted and delivered to appellant a mortgage upon said lot for the full purchase price of $1,000.

On December 8th, under the same terms and conditions, lot Two (2), of Fairview, was tied up to appellees at the price of $1,100, and the same changes and modifications were later made in this transaction as in the first.

The appellant brought two suits, making each transaction the basis of one suit. The suits were consolidated upon the trial and are here before us under the consolidation.

The case was tried before the court with a jury, and special interrogatories were propounded to the jury. The effect of the jury's answers thereto was that the agreement was originally entered into as pleaded by the appellees, and that the two $280 notes were to be substituted for the two $100 notes covered by the original contracts; that the mortgages sued upon were represented by appellant to be contracts similar to the ones originally entered into, and that appellees trusted and relied upon such representations and signed them without reading, etc.

The jury returned no general verdict. Both parties moved for judgment upon the special verdicts of the jury, and on March 22, 1926, in the court's minutes, is found this entry:

" . . . It is ordered that plaintiff's motion for judgment notwithstanding the verdict be and the same is hereby denied, and it is ordered that defendant's motion for judgment in accordance with the verdict be and the same is hereby granted and jury fee is fixed at the sum of $162, and it is ordered that a twenty (20) days' stay of execution be and the same is hereby granted."

This order is what appellant appeals from and describes as a "judgment." He also appeals from the order overruling his motion for a new trial.

It requires very little thought or reflection to satisfy one that the court entered no judgment settling the rights and differences of the parties in this suit. "Judgment in accordance with the verdict," there being no general verdict, is as indefinite and uncertain as it is possible for it to be. It is no judgment. We cannot look to it and determine whether the court intended to ignore the equities of the appellant, or whether it was the intention to enter a judgment caring for the rights of the appellant and appellees as they appeared from the whole record.

The suggestion of the appellant that the appeal from the order overruling the motion for a new trial is good is not tenable. No judgment having been entered, the motion for new trial was premature. *Gibson* v. *McLane,* 17 Ariz. 61, 148 Pac. 289.

As we see it, the only thing that can be done under the circumstances is to dismiss the appeal and remit the record for further proceedings.

LOCKWOOD and McALISTER, JJ., concur.