[Civil No. 2513. Filed January 30, 1928.]

[263 Pac. 630.]

J. N. BREWER, Appellant, v. J. T. MORGAN, Appellee.

226

Mr. C. W. Herndon and Messrs. Clark & Clark, for Appellant.

Mr. Louis L. Wallace, for Appellee.

ROSS, C. J.—It appears that the parties hereto entered into an automobile and garage partnership business on December 10th, 1916, at Kingman, Arizona, under the name of the J. N. Brewer Company, the agreement being that they should both give their per-

sonal attention thereto and be equal partners. This agreement was verbal originally, but on December 19th, 1918, was reduced to writing. On or about March 23d, 1919, plaintiff, Morgan, received the appointment of clerk of the superior court of Mohave county and from then on ceased to give his personal attention to the partnership business. On May 1st, 1920, defendant, Brewer, disposed of all the partnership property to the Mohave garage, of Kingman, a partnership composed of himself and one J. C. Maddux.

On September 23d, 1921, Morgan brought this suit for a dissolution of the partnership and an accounting. The defense was that plaintiff withdrew from the partnership upon becoming clerk of the court and turned over to defendant his interest in the business and was no longer interested therein, and that defendant thereafter operated it alone and paid all bills in connection therewith and until he disposed of it to the Mohave garage.

The local judge being disqualified to try the case, Honorable RICHARD LAMSON, Judge of the superior court of Yavapai county, heard it in his place. The evidence, consisting principally of the books of the partnership and the testimony of plaintiff and defendant, was presented, and the court, feeling that the books should be audited, appointed one Carl L. Smith as such auditor and referee, with power to make and state an account of all the dealings and transactions between plaintiff and defendant as partners.

On January 28th, 1925, and after receiving the auditor's report, the presiding judge mailed from his chambers in Prescott to the clerk of the superior court of Mohave county, at Kingman, a paper headed and worded as follows:

## "ORDER FOR JUDGMENT.

"It is hereby ordered that upon presentation of a formal written judgment by the plaintiff, and its approval and signing by the court, judgment will be rendered in favor of the plaintiff and against the defendant for the sum of $154.06 and costs herein.

"[Signed] RICHARD LAMSON,
"Presiding Judge."

This paper was received and filed by the clerk on January 30th, 1925. Thereafter, on August 7th, 1925, the judge made findings of fact and conclusions of law and rendered judgment in accordance therewith in favor of plaintiff and against the defendant for $4,054.72, with interest at six per cent from May 1st, 1920, costs of $21.80 and auditor's fee of $200, and by the judgment impressed a specific lien upon all of the partnership property of the J. N. Brewer Company that went into the Mohave garage.

The defendant, who has appealed from the judgment and the order overruling his motion for a new trial, contends that the judgment of August 7th, 1925, was made and entered without jurisdiction. The contention is based upon the statute providing the manner of making up and entering judgments when the judge, after the trial of a cause in a county other than his own, takes it under advisement. The statute is paragraph 346, Civil Code of 1913, and reads as follows:

"Whenever the judge of a superior court shall have heard a civil suit or proceeding in another county, and shall have taken the same under advisement, he may thereafter reduce his decision to writing and sign and transmit the same by mail to the clerk of the court wherein the suit or proceeding is pending; upon receipt of such decision such clerk shall forthwith notify the parties or their attorneys in writing of that fact, which notice shall state the title of the cause and the number thereof, and that the decision of the judge who tried the same has been filed in his office. Upon the expiration of ten days from the date

of giving such notice judgment shall be entered in accordance with such decision; such judgment may be signed by either the judge who issued the decision, or by the judge of the county in which the action or proceeding is pending. The period within which a motion for new trial may be made shall not commence until the giving of the notice provided in this section.''

The Constitution (art. VI, § 7) and the statute (par. 345, Civ. Code) provide that a judge may hold court in a county other than his own upon request of the regular judge or the Governor; and when he does it is evident that his power and jurisdiction to try and determine cases is the same as the regular judge. In the absence of paragraph 346, *supra,* any order, ruling, or judgment made in a case tried by him outside of his county would be ineffective unless made where the case was tried. The legislature, realizing that a judge acting outside of his county might want to take the case under advisement and decide it only after examining the law and deliberating on the facts, provided that in lieu of traveling to such county he could reduce his decision to writing and forward it to the clerk of the proper county as the basis of his judgment, which, after notice to the parties or their attorneys, could be entered. It is obvious that it was intended that the entry of the judgment should be a mere clerical act and in exact conformity with the decision and might be a minute entry by the clerk, and if formally written out it could be signed by either the presiding judge or by the local judge. That the written decision of the judge filed with the clerk was intended as the basis of the judgment is emphasized by the provision of the statute that the time for filing a motion for a new trial runs from the date of giving notice thereof to the parties or their attorneys. It is therefore clear that it was the duty of the clerk upon receipt of the written decision of

Judge LAMSON to give the notice provided by the statute and after ten days, unless otherwise directed by the judge, to enter judgment in accordance with the decision; or if a written judgment was presented, signed by the presiding judge or the regular judge, to file it. This was not done.

It does appear, however, that the findings of fact, conclusions of law, and judgment of August 7th were served upon defendant's counsel some two months before they were filed with the clerk of the court and entered by that officer as the final disposition of the case. The decision of January 30th was not followed up by entry of judgment, and, although the record does not show why, we think the judge unquestionably retained the power to change it at any time before it became final by the formal entry of judgment, and that we should presume in favor of the regularity of the judge's action and hold that he did reconsider such decision, first having advised the defendant thereof, and that, therefore, he had not lost jurisdiction to make the judgment of August 7th.

The decision of January 30th, contrary to the contention of defendant, was not a final disposition, no judgment ever having been entered on it. It is said in 34 C. J. 54, § 182:

"A judgment is not final, in the sense that it cannot be withdrawn or changed by the court, until it has been entered."

Defendant cites the rule announced in *Moulton* v. *Smith*, 23 Ariz. 319, 203 Pac. 562, and *Rico Consolidated Mining Company* v. *Rico Exploration Co.*, 23 Ariz. 389, 204 Pac. 138, as controlling in this case. We have examined those cases, and the facts are entirely dissimilar to the facts in this case, and the rule announced therein has no application here. In the Moulton case the judgment was rendered from the bench and not by written decision of an outside

judge. In Rico Consolidated Mining Company case it was held that a judgment regularly entered could not be superseded by another judgment without notice. Here we are considering the legal effect of a written decision, under paragraph 346.

Another assignment is that the evidence does not support the judgment. There is not much conflict in the evidence. The court approved the report of the auditor, and from that report, made from the books, the assets disposed of by defendant to the Mohave garage inventoried at $7,955.38. These assets were all appropriated by defendant. The audit showed that the partnership owed the plaintiff $154.06. Upon these figures the judgment entered against ·the defendant was arrived at. The correctness of the auditor's report is not questioned. The defendant, however, calls our attention to the testimony of plaintiff, wherein he claimed there was due him only $2,849. This would be convincing that the judgment is excessive if at the time plaintiff had based his estimate upon the books of account and the net earnings of the partnership investment. If what the plaintiff was willing to accept was not the true amount due him as shown by the auditor's report, it cannot be that the court was in error in giving him judgment for the actual amount due, rather than the amount estimated by him to be due.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.