[Civil No. 2638. Filed May 14, 1928.]

[267 Pac. 416.]

MRS. GRACE SLAUGHTER, as Administratrix of the Estate of PASCHAL SLAUGHTER. Deceased, Appellant, v. FIRST NATIONAL BANK OF ALBUQUERQUE, NEW MEXICO, a Corporation, Appellee.

Mr. Dodd L. Greer, for Appellant.

Messrs. Favour & Baker and Mr. Don T. Udall, for Appellee.

LOCKWOOD, J.—After the appeal involved herein was filed in this court, appellee moved to dismiss the

same on the ground that it was prematurely taken. When the motion was presented, we ordered that it be passed and determined at the same time the case was heard on its merits. After examining the record and considering the matter carefully, we are of the opinion the appeal can and should be disposed of on the motion to dismiss. Inasmuch as the point on which such motion is determined is of considerable importance in governing future practice on appeals taken under certain circumstances, we think it advisable that, contrary to our usual practice, we should state the reasons for the dismissal. In order that they may be understood, it is necessary that we review briefly the undisputed facts of the case, so far as material to the decision.

The First National Bank of Albuquerque, a corporation, appellee herein, brought suit in the superior court of Apache county, against Mrs. Grace Slaughter, as administratrix of the estate of Paschal Slaughter, deceased, appellant herein, on a promissory note for $2,900 alleged to have been given to appellee's predecessor in interest by deceased. On the trial of the case, appellant did not deny the execution of the note or the making of the loan which it evidenced to deceased, or that it had never been paid. She admitted that she knew of the existence of the note; that she had promised appellee to take care of it, and had even made, as administratrix, payments of interest thereon. Her sole defense was based on the allegation that appellee's claim against the estate of her decedent had not been presented to her strictly in accordance with the time and form prescribed by the statute. The case was tried to a jury, which returned answers to certain special interrogatories submitted to them. The presiding judge was judge of the superior court of Mohave county, and, after the case had been submitted to the jury, but before their answers were

returned, he left Apache county, and returned to Mohave county, ordering that all papers be forwarded to him at Kingman. The answers to the interrogatories were, in pursuance of a stipulation of the parties, received by the local judge, and the clerk transmitted them, together with the files in the case, to Kingman.

So far as the record before us shows, no minute entries were ever made in the case after the one showing the return of the interrogatories and their transmission as above. There appears, however, in the record the following document, marked as filed October 21st, 1926:

"Decision.

"Filed Oct. 21st, 1926.

"After careful consideration of this case and of the answers to the interrogatories as made by the jury impaneled herein, the court finds in favor of the plaintiff, and decides that plaintiff is entitled to a judgment as prayed for.

"Therefore, it is ordered, adjudged, and decreed that judgment be, and the same is hereby, rendered in behalf of the plaintiff, in accordance with this decision, together with the costs of suit.

"Thus done and assigned at Kingman on this the 19th day of October, 1926.

"E. ELMO BOLLINGER,
"Trial Judge,"

—and a letter marked as filed November 22d, 1926, which appears below:

"Notice of Decision.

"Filed 11–22–26.

"St. Johns, Arizona,          November 22, 1926.

"Messrs. Favour & Baker and Dodd L. Greer—Gentlemen: In re Case No. 1902, First National Bank of Albuquerque, N. M., v. Grace Slaughter.

"You are hereby notified that Judge Elmer Bollinger, who presided at the trial of this case, has rendered his decision in said entitled action, and the same is now on file in this office.

"GEORGE E. WAITE,
"Clerk of the Superior Court."

A motion for a new trial, filed December 1st, 1926, and an order denying such motion, filed January 5th, 1927, are also in the record, together with the following notice of appeal, marked as filed March 28th, 1927:

"Notice of Appeal.

"Filed March 28th, 1927.

"Notice is hereby given that the above-named defendant, Grace Slaughter, as administratrix of the estate of Paschal Slaughter, deceased, appeals to the Supreme Court of the state of Arizona from the judgment rendered in said court in the above-entitled cause on the 12th day of November, 1926, in favor of the above-named First National Bank of Albuquerque, New Mexico, plaintiff, in said action and against the said Grace Slaughter, as administratrix of the estate of Paschal Slaughter, deceased, and from the whole thereof.

"Dated at St. Johns, Arizona, this 28th day of March, A. D. 1927.

"DODD L. GREER,
"Attorney for Defendant."

The appeal being by the administratrix in her official capacity, no appeal bond was filed, in accordance with paragraph 1250, Revised Statutes of Arizona of 1913, Civil Code. On April 4, 1927, findings of fact, conclusions of law, and a formal judgment in favor of appellee, signed by the trial judge, and dated November 15th, 1926, were filed in the office of the clerk, and duly recorded in the judgment record the same day. No minute entry referring to any of the documents above mentioned is found in the record. It is contended by appellee that there was on the 28th of March, 1927, the date on which the notice of appeal was filed, no judgment from which an appeal could be taken legally, and that, under the decisions of this court, the appeal herein should therefore be dismissed for want of jurisdiction.

This case, as we have stated, was tried by the judge of the superior court of Mohave county, sitting

in Apache county, and no judgment was rendered from the bench in Apache county by him. The judgment was rendered under the provisions of paragraph 346, Revised Statutes of Arizona of 1913, Civil Code, which read as follows:

"Whenever the judge of a superior court shall have heard a civil suit or proceeding in another county, and shall have taken the same under advisement, he may thereafter reduce his decision to writing and sign and transmit the same by mail to the clerk of the court wherein the suit or proceeding is pending; upon receipt of such decision such clerk shall forthwith notify the parties or their attorneys in writing of that fact, which notice shall state the title of the cause and the number thereof, and that the decision of the judge who tried the same has been filed in his office. Upon the expiration of ten days from the date of giving such notice judgment shall be entered in accordance with such decision; such judgment may be signed by either the judge who issued the decision, or by the judge of the county in which the action or proceeding is pending. The period within which a motion for new trial may be made shall not commence until the giving of the notice provided in this section."

The point for our determination, and upon which the motion to dismiss must turn, is, When does the "decision" referred to in said paragraph 346 become a final judgment from which an appeal may be taken? We have considered the question in the very recent case of *Brewer* v. *Morgan,* 33 Ariz. 225, 263 Pac. 630. Therein we say as follows:

"The Constitution (article 6, § 7) and the statute (paragraph 345, Civil Code), provide that a judge may hold court in a county other than his own upon request of the regular judge or the Governor; and when he does it is evident that his power and jurisdiction to try and determine cases is the same as the regular judge. In the absence of paragraph 346, *supra,* any order, ruling, or judgment made in a case tried by him outside of his county would be

ineffective unless made where the case was tried. The Legislature, realizing that a judge acting outside of his county might want to take the case under advisement and decide it only after examining the law and deliberating on the facts, provided that in lieu of traveling to such county he could reduce his decision to writing and forward it to the clerk of the proper county as the basis of his judgment, which, after notice to the parties or their attorneys, could be entered. It is obvious that it was intended that the entry of the judgment should be a mere clerical act and in exact conformity with the decision and might be a minute entry by the clerk, and if formally written out it could be signed by either the presiding judge or by the local judge. That the written decision of the judge filed with the clerk was intended as the basis of the judgment is emphasized by the provision of the statute that the time for filing a motion for a new trial runs from the date of giving notice thereof to the parties or their attorneys. It is therefore clear that it was the duty of the clerk upon receipt of the written decision of Judge LAMSON to give the notice provided by the statute *and after ten days, unless otherwise directed by the judge, to enter judgment in accordance with the decision; or if a written judgment was presented, signed by the presiding judge or the regular judge, to file it. This was not done. . . .* (Italics ours.)

"The decision of January 30th, contrary to the contention of defendant, was not a final disposition, no judgment ever having been entered on it. It is said in 34 C. J. 54, § 182:

" 'A judgment is not final, in the sense that it cannot be withdrawn or changed by the court, until it has been entered.' "

The only conclusion which can be drawn from the language above quoted is that, when a case is determined under the provisions of paragraph 346, *supra,* no final judgment from which an appeal may be taken is rendered until either the clerk enters such a judgment in conformity with the decision, after having given the ten days' notice to counsel required by statute, or until either the trial or local judge

signs a formal judgment, and files it with the clerk of the court. Such being the case, it is evident that, when the notice of appeal was given, there was no judgment from which an appeal could be taken, and it is the almost universal rule that an appeal taken under such circumstances is premature, and will be dismissed for want of jurisdiction. *De Mund* v. *Benson*, 32 Ariz. 99, 255 Pac. 995; *Robinson* v. *Salt Lake City*, 37 Utah 520, 109 Pac. 817; *Dyea Elec. L. Co.* v. *Easton*, 14 S. D. 520, 86 N. W. 23; *Elko-Tuscarora M. Co.* v. *Wines*, 24 Nev. 305, 53 Pac. 177. And the objection, being jurisdictional, cannot be waived. *In re Pearsons' Estate*, 119 Cal. 27, 50 Pac. 929.

The appeal is therefore dismissed.

ROSS, C. J., and McALISTER, J., concur.