[Civil No. 3435.  Filed October 4, 1934.]

[36 Pac. (2d) 574.]

S. W. FUNK, Trustee, Appellant, v. C. V. FILLMAN, Appellee.

Mr. J. T. Kingsbury, for Appellant.

George M. Roark and Mr. Frank E. Thomas, for Appellee.

LOCKWOOD, J.—This is an appeal from a judgment on a verdict in the superior court of Cochise county, and from an order denying a motion to set aside the verdict and judgment and for a new trial.

The question determinative of the appeal involves a construction of the record before us. From such record, it appears the facts are as follows: C. V.

Fillman, hereinafter called plaintiff, brought suit against S. W. Funk, as trustee, hereinafter called defendant, for some $1,700. The issue was joined and the case tried to a jury which returned a verdict in favor of plaintiff in the sum of $1,453 on May 29, 1933, and the jury was discharged from further consideration of the case. So far as the minute entries appearing in the record show, nothing further was ever done in the premises. The case was tried before the Honorable DAVE W. LING, Judge of the superior court of Greenlee county, sitting for the Honorable JOHN WILSON ROSS, Judge of the superior court of Cochise county, and there also appears in the record a document duly entitled in the case as a judgment which, after reciting the preliminary matters usually found in such a document, reads as follows:

" . . . It is therefore the order, judgment and decree of the court, that the plaintiff herein, C. V. Fillman have and recover of and from the defendant S. W. Funk, Trustee, and his surety herein, the United States Fidelity and Guaranty Company, a corporation, the sum of One Thousand Four Hundred Fifty Three Dollars damages and the further sum of Two Hundred Twelve $^{65}/_{100}$ Dollars costs of suit by the plaintiff expended, and that the County of Cochise recover from the said S. W. Funk, Trustee, and his surety herein the United States Fidelity and Guaranty Company, a corporation, the sum of Fifty Four Dollars as a jury fee; that the said judgment shall bear interest at the rate of 6% per annum from the said 24th day of May 1933 until paid.

"For all of which let execution issue.

"Done in open Court at Bisbee, Arizona, on this the 7th day of July, 1933.

"DAVE W. LING,
"Judge of the Superior Court."

This document has on it the clerk's filing mark as of July 10, 1933, and there appears in the record

the following certificate of the clerk of the superior court of Cochise county:

"State of Arizona, County of Cochise. ss.

"I, J. E. James, Clerk of the Superior Court of Cochise County, State of Arizona, do hereby certify that the Decree rendered in the above entitled cause and signed by the Hon. David L. Ling, was received by me as such Clerk, by mail, from the Hon. David L. Ling, Judge of said cause, from the City of Clifton, Greenlee County, State of Arizona, on the 10th day of July, A. D. 1933, and that said Decree received on the above date was, by me, filed in said cause and duly docketed as a judgment in said cause on the 10th day of July, A. D. 1933.

"J. E. JAMES,
"Clerk of Superior Court of Cochise County, State of Arizona."

There is nothing further which would indicate to us what, if any, judgment was rendered on the verdict, and how it was rendered.

It is the contention of defendant that there are but two methods in which judgment can be rendered under the law of Arizona, the first by the presiding judge in open court in the county where the case was tried, and the other in the manner provided for by sections 3697 and 3698, Revised Code of 1928, and that the record shows neither of these methods was followed. Plaintiff apparently does not deny the propositions of law in regard to the manner in which judgment must be rendered, but maintains the record shows that a judgment was rendered in open court in Cochise county in accordance with law.

We have held in *Kinsley* v. *New Vulture Min. Co.,* 11 Ariz. 66, 90 Pac. 438, 440, 110 Pac. 1135:

" . . . In most jurisdictions it is held that the court renders judgment when it announces its decision, and its order for judgment is entered in the minutes of the court. (Citing cases.) We construe

our statutes, therefore, to mean that whenever the time of rendition of judgment is referred to with no qualification as in the case of the time for taking an appeal, they mean the day when the court in any cause announces its decision and orders judgment, and not the day when the written judgment may be signed and filed with the clerk. This view is strengthened by the omission in our statutes to require that the judgment of the court shall be signed by the judge. Undoubtedly it is sufficient if it be entered by the clerk in the minutes. We do not intend by this, however, to disparage the prevailing practice with regard to judgments. On the contrary, we think the practice of entering formal written judgments, signed by the judge, to be proper and commendable. . . . "

And we have had analogous questions before us repeatedly since. *Moulton* v. *Smith,* 23 Ariz. 319, 203 Pac. 562; *Rico Consol. Min. Co.* v. *Rico Explor. Co.,* 23 Ariz. 389, 204 Pac. 138.

It is, of course, axiomatic that a court can only act within its territorial jurisdiction, unless there is some specific statutory or constitutional provision to the contrary. *Sawyer* v. *Huning,* 20 Ariz. 357, 181 Pac. 172.

Our Constitution (art. 6, § 7) and legislature, recognizing that at times it may be advisable for a judge of the superior court of one county to act in another county, have expressly provided therefor, and statutes have specifically indicated how he may make an order while in his own county, which shall be effective in a case which he has tried in another county, in sections 3697 and 3698, *supra,* and we have held that this statute must be followed, and that no final judgment can be entered on the authority of a judge who is actually outside of the county where the case is tried, except in the manner set forth in

those sections. *Slaughter* v. *First National Bank,* 34 Ariz. 26, 267 Pac. 416; *Brewer* v. *Morgan,* 33 Ariz. 225, 263 Pac. 630. If then it does not appear° from the record the judgment was rendered in one of the ways provided by the statute, it was without jurisdiction and void.

The question then is, What shall an appellate court accept as showing the true facts? We have on the one hand a document signed by the trial judge which recites certain facts. We have on the other the certificate of the clerk as to the circumstances under which the document was filed by him. A similar question has come before us in the case of *McFadden* v. *McFadden,* 22 Ariz. 246, 196 Pac. 452, 453. Therein we said:

"That there is conflict between the minute entry and the formal judgment is plain to be seen. We think, however, appellant, when he designates the minute entry as the findings of the court, is in error. When a case is tried by the court, the statute (paragraph 528, Civil Code) makes it the duty of the court, at the request of either party, to make written findings of fact, stating the facts found by the court and the conclusions of law separately. The minute entry is not in conformity with this statute; it being the record kept by the clerk only. There are no written findings of fact by the court on file in the record. At most, we think the minute entry is evidence that the court ordered a judgment, the terms thereof to be ascertained when it was written up and signed by the court.

"Moreover, we think, in conformity with the rule in at least one jurisdiction, that where there is conflict between the entry made by the clerk in the minutes and the solemn judgment of the court, the terms of the latter should be given force and effect, rather than of the former. *Gould* v. *Austin,* 52 Wash. 457, 100 Pac. 1029; *Landry* v. *Seattle Ry. Co.,* 100 Wash. 453, 171 Pac. 231."

If this be true when there is an actual conflict between a minute entry and a formal judgment, much more is it true when the minute entry is merely silent on a point on which the judgment speaks. While the certificate of the clerk shows that the document signed by the judge was received by him by mail from Clifton and filed on the 10th, yet this is not incompatible with the trial judge having actually been in Bisbee on the 7th day of July and rendered judgment as he states he did, and then upon his return to Clifton having written out such rendered judgment formally, and transmitted it to the clerk for filing. Whether he actually did so or not, we are not permitted to inquire, in the face of his statement over his own signature that he did, and the record of the court may not be impeached on a collateral attack. If the judgment incorrectly stated that he had rendered his judgment in open court in Cochise county on the 7th day of July, it was the duty of the defendant to move for a correction of the record to show the true facts, and if the judge had inadvertently stated them erroneously, he would undoubtedly have corrected the record in accordance with the facts.

For the foregoing reasons, the judgment of the superior court of Cochise county is affirmed.

ROSS, C. J., and McALISTER, J., concur.