[Civil No. 3653. Filed July 8, 1935.]

[46 Pac. (2d) 1087.]

J. E. KINNISON, Petitioner, v. THE SUPERIOR COURT OF PIMA COUNTY, Arizona, and WILLIAM G. HALL, Judge, Respondents.

Messrs. Kimble & McLean, for Petitioner.

Mr. Harry O. Juliani, for Respondents.

ROSS, J.—Upon the application of J. E. Kinnison, alleging that the superior court of Pima county was exceeding its jurisdiction in entertaining an appeal from the justice court of Tucson precinct in a case wherein he was plaintiff and one Tom June defendant, when in fact the appeal had not been perfected by giving notice and filing an appeal bond as required by law, we granted the writ of *certiorari* and fixed the return day of June 17, 1935. The return has been made by the Honorable WILLIAM G. HALL, Presiding Judge of said court. The facts set out in the petition for the writ and those in the return coincide. In other words, there is no disputed fact.

It appears from the petition and the return that Kinnison, on March 8, 1935, commenced an action in the justice court of Tucson precinct against Tom June and others seeking a money judgment in the sum of $199.99; that thereafter, on April 17th, the court after a hearing ordered that judgment be entered for plaintiff; that on April 22d a formal written judg-

ment was signed and filed in favor of Kinnison for $199.99, and costs taxed at $5.60.

On April 17th, at the time judgment was ordered for plaintiff, defendant June gave notice of appeal in open court, and again on April 20th he gave written notice of appeal from said judgment or order. No appeal bond was ever tendered or filed, but on April 29, 1935, the defendant tendered to the justice court, in lieu of surety bond, a cashier's check for $225, which was accepted by the clerk of said justice court, who thereupon certified the record to the superior court of Pima county, accompanying the same with the check of the justice of the peace for $225, payable to the clerk of the superior court.

Under these facts, did the superior court obtain jurisdiction over the case? Section 4204, Revised Code of 1928, provides that:

"The party appealing shall give notice thereof in open court at the time the judgment is rendered, or by serving a written notice thereof upon the adverse party, within five days thereafter, and shall within ten days from the date of the judgment, file with the justice a bond to be approved by the justice, in double the amount of the judgment, payable to the appellee, conditioned that the appellant shall prosecute his appeal to effect, and shall satisfy the judgment which may be rendered against him on such appeal."

There is no question but that the notice or notices of appeal conformed with the statute. The trouble arises over the appeal bond. The petitioner insists: (1) That the court could not accept the cashier's check in lieu of a bond because it was not "in the sum required" (section 342, Id.); that is, "in double the amount of the judgment" (section 4204, *supra*). Section 342 authorizes the acceptance of "lawful money of the United States in the sum required in the bond" in any civil matter or proceeding wherein a

bond is required. (2) That if by reason of the check being insufficient in amount it be regarded only as defective and amendable under section 4208, Id., it was not filed as section 4204, *supra,* requires, "within ten days from the date of the judgment," and that therefore there is no bond to amend.

■ Petitioner makes no point of the deposit of the cashier's check instead of lawful money of the United States as the statute requires. The parties may acquiesce in such departure from the terms of the statute, it being a right that can be waived. The inadequacy in amount of the cash deposit may be regarded as a defect that might be cured by filing a sufficient bond as provided in section 4208, *supra,* or raising the deposit to double the amount of the judgment under section 4204, *supra.* The appeal, as both the notices thereof show, is from a judgment rendered on April 17th and the cashier's check was not deposited with the court until April 29th, or twelve days "from the date of the judgment"; whereas, under the statute (section 4204, *supra*) it should have been lodged with the court *within ten days* from the date of the judgment and should have been in double the amount of the judgment, or for $399.98, and approved by the justice of the peace.

■ The respondent asserts that the time for making appeal bond should date from the time formal judgment was written and signed by the justice of the peace, which was on April 22d. If we accept this contention as being correct, then the appeal must fail because no notice, oral or written, was given of an appeal from a judgment rendered April 22d. Both notices of appeal were given before April 22d and are from a judgment entered April 17th. Notice of appeal from a judgment before it is rendered is premature, gives no right, and confers no jurisdiction.

*Slaughter* v. *First National Bank,* 34 Ariz. 26, 267 Pac. 416.

■ It is settled in this jurisdiction that the judgment is rendered when the court announces its final determination of the rights of the parties, and not by the formal written judgment signed by the judge and filed. *Moulton* v. *Smith,* 23 Ariz. 319, 203 Pac. 562; *Board of Supervisors of Apache County* v. *Udall,* 38 Ariz. 497, 1 Pac. (2d) 343.

■■ No appeal bond having been filed or cash deposit in lieu thereof made within ten days from the date of the judgment, the appeal was not perfected and the superior court has no jurisdiction to hear and determine the case. But, even so, petitioner has no right to resort to *certiorari* unless he has no right of appeal or other plain, speedy, and adequate remedy. Section 4391, Id. Petitioner contends this is his only available remedy, for this reason: That the appellate jurisdiction of the Supreme Court does not extend ''to civil actions at law for recovery of money or personal property where the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars, unless the action involves the validity of a tax, impost, assessment, toll, municipal fine, or statute.'' Article 6, § 4, Constitution. It is plain that the facts of this case do not bring it within the exceptions of the above constitutional provision allowing appeals to the Supreme Court where the amount is less than $200, and that, therefore, the petitioner has no appeal from any judgment that might be rendered in the superior court, and we can think of no other available remedy. as plain, speedy, and adequate as *certiorari.*

It appearing that the superior court has no jurisdiction of the subject-matter because of the lack of a

sufficient or any appeal bond, all proceedings in said court are hereby declared to be null and void.

LOCKWOOD, C. J., and McALISTER, J., concur.