[Civil No. 3666. Filed March 30, 1936.]

[56 Pac. (2d) 186.]

GEORGE W. PAYNE, Appellant, v. O. C. WILLIAMS, Appellee.

Mr. Thorwald Larson, for Appellant.

Mr. W. E. Ferguson, for Appellee.

LOCKWOOD, C. J.—George W. Payne, hereinafter called plaintiff, brought suit against O. C. Williams, hereinafter called defendant, and Clair Baldwin, on a promissory note in the sum of $230.40 which he alleged Williams and Baldwin had made, executed and delivered to one M. J. Clossey for value received, and which had been by Clossey assigned to plaintiff. Defendants filed separate answers, that of Williams being a general denial. Thereafter plaintiff had issued five writs for garnishment against Navajo county which were answered by the county treasurer to the effect that the county was indebted to Williams, and the money thus admitted to be due him was paid into court, awaiting the result of the action. Thereafter Williams appeared and moved to quash the writs of garnishment and to release the money obtained thereunder, alleging that he was and had for many years been a married man, living with his wife in Holbrook, Arizona; that the debt sued on was a separate debt of his, in that he was merely an accommodation maker on the note in question, without any consideration therefor, and that the community assets of himself and wife did not benefit in any

manner by reason of the signing of said note; that the money which had been paid into court as a result of the garnishments was money earned by him during his marriage and was, therefore, an asset belonging to the community. Plaintiff filed an affidavit controverting the claim of Williams that he was an accommodation maker only, and setting up circumstances which, if true, would make the note a community debt. The motion was heard by the court on the 28th day of March, 1935, on the motion to quash, and after evidence was taken and the matter was argued, the motion was granted and the money ordered released to Williams. Thereupon the following proceeding occurred in open court, both plaintiff and defendant being present in person, and also being represented by counsel:

"Mr. Larson: Your honor please, we decline to proceed further, there having been a decision on the merits adverse to us, and, therefore, in order that the matter may be disposed of speedily, we suggest that defendant have judgment.

"Mr. Ferguson: The defendant Williams?

"Mr. Larson: Yes.

"Mr. Ferguson: We are willing.

"The Court: Let the record so show.

"Mr. Larson: We wish to have five days to file *supersedeas* bond.

"The Court: All right, the record may so show."

Thereafter, and on the 17th day of April, the minutes of the superior court show the following entry:

"April 17, 1935.                    3:15 p. m.

"(Title of Cause)

"By the Court: Let the record show Judgment is rendered for the Defendant, O. C. Williams, against plaintiff, all in compliance with the formal written Judgment of this date."

And on the same day a formal written judgment was filed to the effect that plaintiff take nothing by his

action against Williams, and that the latter recover his costs, whereupon this appeal was taken.

■■ There are some five assignments of error, but we think they all turn upon the one question of whether or not on the foregoing facts the court erred in quashing the writs of garnishment and thereafter rendering judgment on the merits in favor of defendant. The motion to quash was based on the theory (a) that the community assets may not be held for a separate debt of one of the spouses, and (b) that the indorsement of a note for accommodation only is a separate debt of the spouse so indorsing and not of the community. We think the law in Arizona has been well settled in the affirmative on the first point by the case of *Cosper* v. *Valley Bank,* 28 Ariz. 373, 237 Pac. 175. And that an accommodation note signed by the husband, and which does not benefit the community estate, is his separate debt is so plain that it needs no argument to support it. The evidence as to whether the note sued on was of this character was in conflict, and the court determined the conflict in favor of defendant. Such being its conclusion, it properly quashed the writs of garnishment and ordered the money impounded delivered to defendant.

■ We come next to the question whether it was erroneous to enter judgment on the merits. It is urged by counsel for defendant that the conversation between the court and counsel, above set forth, amounted to a stipulation that judgment on the merits might be entered at that time. It is contended by counsel for plaintiff that this is not true. We are of the opinion that the only reasonable construction of the colloquy is that counsel for plaintiff declined to proceed further with the case, and offered to stipulate that judgment on the merits should be

rendered in favor of the defendant; that counsel for defendant agreed thereto, and the court approved it. We can imagine nothing plainer nor more definite. This, however, was not a judgment under rule VII of the Uniform Rules, but was merely a stipulation. Thereafter, on the 17th day of April, the minute entry above quoted was made. This, on its face, together with the filing of the formal written judgment set forth in the entry, was a complete and perfect final judgment in all respects, in accordance with rule VII. It is contended, however, that the record shows that Honorable P. A. SAWYER, admittedly then the incumbent judge of the superior court of Navajo county, presided at the hearing on March 28th while the entry on April 17th recites that LEVI S. UDALL presided, and it is urged that since there is no showing who LEVI S. UDALL was, or how he happened to be presiding in a case which had previously been heard by Judge SAWYER, the judgment is void on its face.

This court takes judicial notice of the names of the judges of the superior courts of this state, the counties in which they preside, and their term of office. *Gross* v. *Wood,* 117 Md. 362, 83 Atl. 337, Ann. Cas. 1914A 30; *Perry* v. *Bush,* 46 Fla. 242, 35 So. 225; *Upton* v. *Paxton,* 72 Iowa 295, 33 N. W. 773; *Nelson* v. *Ladd,* 4 S. D. 1, 54 N. W. 809; *Board of Commrs. of Natrona County* v. *Shaffner,* 10 Wyo. 181, 68 Pac. 14; *Means* v. *Stow,* 29 Colo. 80, 66 Pac. 881. Section 7, article 6 of the Constitution reads as follows:

"The judge of any superior court may hold a superior court in any county at the request of the judge of the superior court thereof, and in case of the disqualification or the inability of the judge thereof to serve, and upon the request of the Governor, shall do so."

Under this provision, when a judge holds court in a county other than his own, his power and jurisdiction to try and determine cases is the same as that of the regular judge. *Slaughter* v. *First Nat. Bank,* 34 Ariz. 26, 267 Pac. 416; *Brewer* v. *Morgan,* 33 Ariz. 225, 263 Pac. 630. And it is not necessary that the regular judge be disqualified or incapable of serving in the case before calling in an outside judge. *Arizona Mut. Auto Ins. Co.* v. *Bisbee Auto Co.,* 22 Ariz. 376, 197 Pac. 980. When a judge of one county holds court in another county, it is presumed that he does so lawfully, if there is a legal method in which he can do so. *Re Newman's Estate,* 75 Cal. 213, 16 Pac. 887, 7 Am. St. Rep. 146. We think, therefore, that since we take judicial notice the Honorable LEVI S. UDALL was, on April 17, 1935, the duly elected, qualified and acting judge of the superior court of Apache county, the presumption is, in the absence of proof to the contrary, that he was called into Navajo county by the Honorable P. A. SAWYER, the presiding judge of that county, for the purpose, among other things, of taking such further proceedings as were necessary in the instant case, and that in rendering judgment pursuant to the stipulation above referred to, he was acting within his jurisdiction.

This disposes of the main questions raised by the appeal. While we have considered the other matters assigned as error, we are satisfied that in view of what we have just said, it is unnecessary that we should discuss them at length.

The judgment of the superior court of Navajo county is affirmed.

McALISTER and ROSS, JJ., concur.