182 P.2d 937

CONSOLIDATED STAGE CO. v. CORPORATION COMMISSION et al.

No. 4849.

Supreme Court of Arizona.

July 11, 1947.

Struckmeyer & Struckmeyer and Claude M. Spriggs, all of Phœnix, for appellant.

John L. Sullivan, Atty. Gen. (Hill, Robert & Hill, and Darrell R. Parker, all of Phœnix, of counsel), for appellees.

STANFORD, Chief Justice.

This is an appeal from a decision of the Superior Court of Maricopa County, Arizona, upholding an order and ruling of the Corporation Commission of Arizona in the cancellation of the certificate of convenience and necessity issued the Consolidated Stage Company, and cancellation of the renewal of same, to operate as a common carrier for the transportation of passengers and express between Globe, Miami, and Globe and Copper Hill serving Claypool, Midland City and lower Miami. Also an appeal from the issuance to one B. Homer and S. B. Fitt to operate such service in the vicinity aforesaid.

There was filed in this court in this cause a motion to strike the abstract of record and dismiss the appeal. We consider the motion to dismiss the appeal vital, and, therefore, will give it our attention. The basis for the motion is that the judgment of the Superior Court affirming the orders of the Corporation Commission was dated July 10, 1945, and filed with the clerk of the Superior Court on July 16, 1945. Notice of appeal was filed with said court on July 6, 1945, ten days prior to the filing of judgment.

The chronological order of the record in this case pertaining to this subject down to the time of the filing of the judgment is as follows:

"June 21, 1945—'Order for Judgment for defendants affirming decision of the Corporation Commission made January 22, 1945, and being #13340.'

"June 27, 1945—'Plaintiff presents to court, findings of fact and conclusions of law and written Judgment for approval.'

"July 6, 1945—'Filed Notice of Appeal.'

"July 6, 1945—'Filed Credit Memo $250.-00.'

"July 7, 1945—'Mailed copies of Notice of Appeal to Attorney General and Hill, Robert & Hill.'

"July 10, 1945—'Order approving Judgment, findings of fact and conclusions of law.'

"July 14, 1945—'Filed findings of fact and conclusions of law.'

"July 16, 1945—'Filed and entered Judgment.' "

Sec. 21-1230, A.C.A.1939 on the subject of "Entry of judgment" reads:

"Judgment shall be entered when the court so directs. When the direction is that a party recover only money or costs, or that there be no recovery, the clerk shall enter judgment forthwith upon receipt by him of the direction, but when the direction is for other relief, the judge shall first promptly settle and approve, the form of judgment. In cases of judgments for money or costs only, or that there be no recovery, the notation thereof in the civil docket, as provided by Rule 79(a) (§ 21-1910) constitutes the entry of such judgment, and in cases granting any other relief, filing with the clerk of a form of judgment settled and approved, in writing, by the judge, for recording in the civil order book, as provided by Rule 79(b) (§ 21-1911) constitutes the entry of such judgment, and in either case the judgment is not effective before such entry."

The judgment in question not being for "money or costs, or that there be no recovery" the order entered on June 21st is wholly ineffective as a judgment. Under that statute when the direction of the court is for other relief than above quoted the judge is required to "promptly settle and approve the form of judgment" and in such case the judgment is not effective until such form of judgment so "settled and approved, in writing, by the judge, for re-

cording in the civil order book," is filed with the clerk. This view is expressed in the case of Southwestern Freight Lines v. Floyd, 58 Ariz. 249, 119 P.2d 120.

 We quote from 3 Am.Jur., Appeal and Error, Sec. 428, p. 146:

"In the absence of a statute to the contrary, an appeal or error proceeding taken before the right thereto has accrued to the appellant or plaintiff in error is premature and subject to dismissal, unless such premature taking is a mere irregularity not fatal to the proceeding on review."

We have charged ourselves with the duty not to dismiss an action on mere technicalities. We have the right under the provisions of Sec. 21-1831, A.C.A.1939, to enlarge the time in which any of the things provided in the appeal chapter may be done except we haven't the right to, in any manner, extend the time within which to take an appeal.

The judgment to be appealed from was dated July 10, 1945, and filed with the clerk of the court July 16, 1945. It is a general rule that an appellate court is without jurisdiction over an appeal taken before the date of entry of judgment appealed from. In re Pringle's Estate, 51 Wyo. 352, 67 P.2d 204, 110 A.L.R. 987. This court has often dismissed cases where the appeal was premature. Ferguson v. Goff, 46 Ariz. 260, 50 P.2d 20; De Mund v. Benson, 32 Ariz. 99, 255 P. 995.

Motion of appellee is granted and appeal is dismissed.

LaPRADE and UDALL, JJ., concur.