433 P.2d 1003

Sam THOMAS, Beatrice B. Thomas, his wife, Helen W. Gibson and Helen W. Gibson, as Executrix of the Estate of Ira Gibson, Deceased, Appellants,

v.

WESTERN SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Catalina Investment and Trust Company, a limited partnership, John Doe I–IV, Jane Doe I–IV, White Corporation I–IV and Black Corporation I–IV, Appellees.

No. I CA–CIV 711.

Court of Appeals of Arizona.

Nov. 27, 1967.

Rehearing Denied Jan. 2, 1968.

Review Dismissed Feb. 15, 1968.

---

Green & Lurie, by Horace L. Lurie, Phoenix, for appellants.

Kramer, Roche, Burch, Streich & Cracchiolo, by Frank Haze Burch, Phoenix, for appellees.

STEVENS, Judge.

The issue before us is whether an appeal may be taken from a judgment of the Superior Court before the judgment has been reduced to writing, signed and filed, as required by Rule 58(a), R.C.P., 16 A.R.S. We deem the problem to be of sufficient general interest to warrant a formal opinion rather than a ruling by minute entry.

The facts pertinent to the issue before this Court are as follows:

On 22 May 1967, the trial court, by minute entry order, granted appellees' motion for summary judgment dismissing appellants' complaint. Thereafter, on 6 June 1967, but before entry by the trial court of a formal judgment, appellants filed their notice of appeal. The notice of appeal recites that appellants are appealing from " * * * the judgment entered * * * on the 25th day of May, 1967, * * * ". The formal written judgment was not signed and filed until 9 June 1967. No notice of appeal was filed within 60 days from the entry of this formal judgment.

On 27 October 1967, appellants filed in this Court a motion for an order suspending the period on appeal and for an order directing the lower court to cure a defect in the record. Thereafter, on 2 November 1967, appellees filed a motion to dismiss the appeal.

 It is well settled law in this State that a judgment or order from which an appeal is allowed must be in writing, signed by a judge and filed to be effective for purposes of appeal. Rule 58(a), R.C.P.; State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964); City of Tucson v. Wondergem, 4 Ariz.App. 291, 419 P.2d 552 (1966). Furthermore, an appellate court is without jurisdiction over an appeal taken before the date of entry of the judgment appealed from. Consolidated Stage Company v. Corporation Commission, 66 Ariz. 75, 182 P.2d 937 (1947).

 The appellants contend, however, that it would be unconscionable to dismiss this appeal because, under their view, the defect arose from an error patent on the record that could not be prevented. Appellants cite Rule 58(d), R.C.P., which provides:

"Objections to form.

"1. In case of a judgment other than for money or costs, or that all relief be denied, the judgment shall not be settled, approved and signed until the expiration of five days after the proposed form thereof has been served upon opposing counsel unless the opposite party or his counsel endorses on the judgment an approval as to form. * * *"

Appellants then point out that the judgment was lodged with the Court on 25 May 1967. Under their calculations, five court days after the 25th of May was 2 June 1967. No objections were filed to the form of the judgment, therefore, appellants contend that they had a right to presume that the judgment would be signed and filed at the expiration of the five day period. Appellees contend that the judgment in this case was not subject to the lodging requirements of Rule 58(d). We do not find it

necessary to decide whether this judgment was subject to the provisions of the Rule. Rule 58(d) does not provide that the judgment must be signed and filed at the expiration of the five day period. The trial court was under no duty to sign and file the judgment at the end of the five day period even if the judgment was subject to the provisions of Rule 58(d).

The present case is distinguishable from both Hanen v. Willis, 102 Ariz. 6, 423 P.2d 95 (1967), and Eaton Fruit Company v. California Spray-Chemical Corp., 102 Ariz. 129, 426 P.2d 397 (1967). In Hanen, *after entry of judgment,* the appellant filed his notice of appeal which incorrectly recited the date of a minute entry order as the date of the judgment appealed from. The Supreme Court did not dismiss the appeal because of the incorrect date, but it must be noted that the appellant in Hanen had timely filed his notice of appeal *after entry of judgment.* In Eaton Fruit, the appellant had appealed from a minute entry order without having the order reduced to writing, signed by the judge and filed. The Supreme Court suspended appeal proceedings to allow the appellant to obtain a formal written order. This procedure cannot be applied in the present case because a formal judgment has already been signed and filed. There is no irregularity in the record that can be corrected by the trial court at this stage of the proceedings.

 In order to facilitate the appeal process in the future, we make two suggestions pertaining to minute entries in the trial court. We recommend that the trial court make a minute entry reflecting receipt of the proposed form of judgment substantially as follows:

"The proposed form of judgment was lodged with the court this day."

The minutes should further reflect the date of signing and filing the judgment. That minute entry could be substantially as follows:

"No objections to the proposed form of judgment having been filed, it is ordered: judgment in conformity with the formal

written judgment signed and filed this date."

Minute entries made in the foregoing manner would aid counsel in determining the date from which the time for appeal begins to run. However, regardless of the minute entries made by the trial court, it is the obligation of counsel to check the court records to determine the exact date of entry of the judgment.

█ Appeal dismissed.

CAMERON, C. J., and DONOFRIO, J., concur.