487 P.2d 8

Esther SPRIGGEL, Appellant,

v.

The COUNTY OF MARICOPA of the State of Arizona, a body politic, and the Department of Property Valuation of the State of Arizona, Appellees.

No. 1 CA–CIV 1237.

Court of Appeals of Arizona, Division 1, Department B.

July 21, 1971.

Manfred R. Wetzel, Phoenix, for appellant.

Beer & Kalyna by Olgerd W. Kalyna and Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellees.

JACOBSON, Presiding Judge.

Our preliminary review of the record in this appeal upon its becoming at issue disclosed that it was premature. This jurisdictional defect being raised on the Court's own motion, we brought the matter to the attention of counsel, and invited supple-

mental arguments thereon. We have now concluded that we have no jurisdiction over the appeal.

The procedural history of the appeal is as follows: A minute entry order for judgment was entered on May 23, 1969, fixing the valuation for tax purposes of appellant's property at $52,500. Thereafter, a motion for new trial or in the alternative a motion for remittitur was timely filed on June 3, 1969. These motions were denied by minute entry order entered on July 15, 1969. On September 11, 1969, a notice of appeal was filed, reciting an appeal only from the July 15 order denying the motion for new trial or remittitur. At this point, the appeal was premature in that the order sought to be appealed from was not appealable in form, not being in writing, nor signed by the judge and filed. Rules 54(a) and 58(a), Rules of Civil Procedure, 16 A.R.S.; City of Tucson v. Wondergem, 4 Ariz.App. 291, 419 P.2d 552 (1966). On September 15, 1969, the trial judge signed an order denying the motions for new trial or remittitur. The order was filed on September 16 and was then in appealable form. Thereafter, the formal written judgment, pursuant to the May 23, order, was signed on September 19 and filed on September 22. However, no appeal has been taken from that judgment. Consequently, the only notice of appeal filed concerned the July 15 minute entry order denying the motion for new trial or remittitur, and was premature. Due to the amount of time that has elapsed, it is now too late to cure the defect, the jurisdictional 60-day period within which to appeal having long past.

Our opinion in Thomas v. Western Savings and Loan Association, 6 Ariz.App. 511, 433 P.2d 1003 (1967) dealt with similar facts and is consequently directly on point. There we held that "an appellate court is without jurisdiction over an appeal taken before the date of entry of the judgment appealed from." 6 Ariz.App. at 513, 433 P.2d at 1005. While the apparent

harshness of this rule has been challenged where no prejudice resulting from lack of formal notice could accrue to the opposing party, we believe ourselves precluded from evaluating the merits of the challenge, observing that this rule has been one long adhered to by our Supreme Court. *See, e. g.,* Consolidated Stage Co. v. Corporation Commission, 66 Ariz. 75, 182 P.2d 937 (1947); Ferguson v. Goff, 46 Ariz. 260, 50 P.2d 20 (1935); DeMund v. Benson, 32 Ariz. 99, 255 P. 995 (1927); cf. Edwards v. Young, 107 Ariz. 283, 486 P.2d 181 (filed June 24, 1971.). The notice of appeal being premature to an appealable written order, this Court is without jurisdiction to consider the matter.

Appeal dismissed.

HAIRE and EUBANK, JJ., concur.